**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
LAUNA ADOLPH (SBN 227743)
ladolph@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff Delmar Schmidtberger, individually and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELMAR SCHMIDTBERGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN REFINING RETAIL, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>1. Failure to Provide Meal Periods<br>2. Failure to Authorize and Permit Rest Periods<br>3. Failure to Maintain Required Records<br>4. Failure to Furnish Accurate Itemized Wage Statements<br>5. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>6. Unfair and Unlawful Business Practices<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF DELMAR SCHMIDTBERGER ("PLAINTIFF"), individually and on behalf of all other similarly-situated employees, hereby alleges as follows:

## INTRODUCTION

1. PLAINTIFF brings this action on behalf of himself and all other similarly-situated current and former non-exempt employees of defendant WESTERN REFINING RETAIL, LLC ("WESTERN REFINING") and DOES 1 through 10, inclusive (collectively, "DEFENDANTS"), in the State of California during the relevant statutory period to recover, among other things, unpaid compensation arising from DEFENDANTS' failure to provide employees meal and rest periods (or compensation therefor) as required under California law, unpaid minimum and overtime wages, and unreimbursed business expenses. PLAINTIFF also seeks penalties, interest, attorneys' fees, costs and expenses, and equitable, restitutionary and injunctive relief.

## JURISDICTION AND VENUE

2. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A) ("CAFA"), the United States District Court for the Central District of California has jurisdiction in this matter because the matter in controversy exceeds the sum value of $5,000,000, exclusive of interest and costs, and this is a class action in which at least one member of the class of plaintiffs is a citizen of a State different from any defendant.

3. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because DEFENDANTS are subject to personal jurisdiction in this District and/or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

4. PLAINTIFF is a citizen and resident of the State of California. PLAINTIFF is currently employed by DEFENDANTS as a non-exempt cashier in El Cajon, California.

5. PLAINTIFF is informed and believes, and thereon alleges, that WESTERN REFINING is a limited liability company existing under the laws of Delaware. PLAINTIFF is further informed and believes, and thereon alleges, that WESTERN REFINING is authorized to conduct business, and does conduct business, in the State of California. Specifically, WESTERN REFINING maintains offices and facilities, conducts business, and engages in illegal policies or practices in the County of Los Angeles.

6. The true names and capacities of DOES 1 through 10, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF's and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE defendants. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of such DOE defendants when ascertained.

7. At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each defendant was completely dominated by his, her or its co-defendant, and each was the alter ego of the other.

8. At all relevant times, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

3                                              COMPLAINT

furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to provide meal periods; failing to authorize and permit rest breaks; failing to pay minimum and overtime wages; failing to provide accurate itemized statements; failing to maintain required records; and failing to compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures, in violation of the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order.

9.   PLAINTIFF is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

10.   As a direct and proximate result of DEFENDANTS' unlawful actions, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

11.   PLAINTIFF brings this action on behalf of himself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

12.   This action is appropriately suited for a class action because:

a. The potential class is of a significant number. Plaintiff is informed and believes, and based thereon alleges, that there are over 1,000 CLASS MEMBERS. Thus, joinder of all CLASS MEMBERS individually would be impracticable.

b. This action involves common questions of law and fact because the action focuses on DEFENDANTS' illegal practices and policies, including but not limited to: failing to provide PLAINTIFF and CLASS MEMBERS meal periods; failing to authorize and permit rest periods, failing to pay PLAINTIFF and CLASS MEMBERS one hour of pay at each employee's regular rate of compensation for all meal breaks which were not provided and all rest breaks which were not authorized and permitted; failing to pay PLAINTIFF and CLASS MEMBERS minimum and overtime wages for all hours worked; failing to provide PLAINTIFF and CLASS MEMBERS accurate itemized wage statements; failing to maintain required records; and failing to reimburse PLAINTIFF and CLASS MEMBERS for uniform items and other expenses incurred in the discharge of their duties.

c. PLAINTIFF's claims are typical of the claims of the class because DEFENDANTS subjected all non-exempt employees to the same violations of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code.

d. PLAINTIFF does not have any conflicts of interest with CLASS MEMBERS and will fairly and adequately protect the interests of all CLASS MEMBERS.

e. Common questions of law and fact predominate over any questions affecting individual CLASS MEMBERS, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

5                    COMPLAINT

## FIRST CAUSE OF ACTION

### Failure to Provide Meal Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 7-2001 § 11]

### (Against all DEFENDANTS)

13. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 12.

14. During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to provide PLAINTIFF and other CLASS MEMBERS meal periods as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 7-2001 § 11. DEFENDANTS often staff only one employee per shift, including during weekend and graveyard shifts. During these shifts, PLAINTIFF and other CLASS MEMBERS are not permitted to leave the premises during their meal periods. Instead, PLAINTIFF and other CLASS MEMBERS are required to remain on premises and to assist customers during their meal periods. As a result, PLAINTIFF and other CLASS MEMBERS are not relieved of all duty and employer control during their meal periods.

15. As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS MEMBERS regularly have been, and continue to be, denied the opportunity to take full, uninterrupted, and timely meal periods as required under California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 7-2001 § 11.

16. DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 7-2001 § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of compensation for each work day that a meal period was not provided.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

6                                                                              COMPLAINT

17. As a direct and proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violations of the California Labor Code and IWC Wage Order No. 7-2001.

## SECOND CAUSE OF ACTION

**Failure to Authorize and Permit Rest Periods**

**[Cal. Labor Code § 226.7; IWC Wage Order No. 7-2001 § 12]**

**(Against all DEFENDANTS)**

18. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 17.

19. During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to authorize and permit PLAINTIFF and CLASS MEMBERS to take rest breaks as required by California Labor Code § 226.7 and IWC Wage Order No. 7-2001 § 12. DEFENDANTS often staff only one employee per shift, including during weekend and graveyard shifts. During these shifts, PLAINTIFF and other CLASS MEMBERS are not permitted to leave the premises during their rest breaks. Instead, PLAINTIFF and other CLASS MEMBERS are required to remain on premises and to assist customers during their rest breaks. As a result, PLAINTIFF and other CLASS MEMBERS are not relieved of all duty and employer control during their rest breaks. Additionally, PLAINTIFF and other CLASS MEMBERS' rest breaks often are interrupted by customers, as they are required to assist customers.

20. DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 7-2001 § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each

employee's regular rate of compensation for each work day that a rest period was not provided.

21. As a direct and proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violation of the California Labor Code and IWC Wage Order No. 7-2001.

## THIRD CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code § 226; IWC Wage Order No. 7-2001, § 7]**

**(Against all DEFENDANTS)**

22. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 21.

23. During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed, and continue to fail, to timely provide PLAINTIFF and CLASS MEMBERS with accurate itemized wage statements in writing showing each employee's gross and net wages earned, in violation of California Labor Code § 226 and IWC Wage Order No. 7-2001, § 7.

24. During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS suffered, and continue to suffer, injury as a result of DEFENDANTS' failure to provide timely and accurate itemized wage statements, as PLAINTIFF and CLASS MEMBERS could not promptly and easily determine from the wage statement alone the gross or net wages earned.

25. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

8                                              COMPLAINT

statutory penalties, including but not limited to civil penalties and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## FOURTH CAUSE OF ACTION

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 7-2001, § 7]

### (Against all DEFENDANTS)

26. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 25.

27. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226 and 1174 and IWC Wage Order No. 7-2001 § 7, including but not limited to meal period records and accurate itemized wage statements.

28. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

///
///
///
///
///
///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

9

COMPLAINT

## FIFTH CAUSE OF ACTION

### Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties

### [Cal. Labor Code § 2802]

### (Against all DEFENDANTS)

29. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 38.

30. California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

31. During the CLASS PERIOD, DEFENDANTS failed, and continue to fail, to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses uniforms and other employment-related expenses, in violation of California Labor Code § 2802.

32. During the CLASS PERIOD, DEFENDANTS required PLAINTIFF and other CLASS MEMBERS to wear black trousers and safety vests. DEFENDANTS did not provide PLAINTIFF and other CLASS MEMBERS required black trousers or safety vests. As a result, PLAINTIFF and other CLASS MEMBERS purchased black trousers and safety vests but were not reimbursed for the cost of these items.

33. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties

and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## SIXTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code § 17200, et seq.]

### (Against all DEFENDANTS)

34. PLAINTIFF incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 33.

35. Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure to provide meal periods; DEFENDANTS' failure to authorize and permit rest breaks; DEFENDANTS' failure to pay minimum and overtime wages; DEFENDANTS' failure to furnish accurate itemized wage statements; DEFENDANTS' failure to maintain required records; DEFENDANTS' failure to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurred in the discharge of their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200, et seq.

36. DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

37. DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

38. As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

39. DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 7-2001;

4. For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

12                                        COMPLAINT

5. For statutory penalties according to proof, including but not limited to all penalties authorized by the California Labor Code § 226(e);

6. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6 and 2802, California Civil Code §§ 3287 and 3288, and/or any other applicable provision providing for pre-judgment interest;

7. For reasonable attorneys' fees and costs pursuant to California Labor Code § 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

8. For declaratory relief;

9. For an order certifying this action as a class action;

10. For an order appointing PLAINTIFF as class representative and PLAINTIFF's counsel as class counsel; and

11. For such further relief that the Court may deem just and proper.

DATED: May 17, 2019               Respectfully submitted,

                                  **MATERN LAW GROUP, PC**


                          By:     /s/ Launa Adolph
                                  MATTHEW J. MATERN
                                  LAUNA ADOLPH
                                  Attorneys for Plaintiff DELMAR
                                  SCHMIDTBERGER, individually and on
                                  behalf of all others similarly situated

## **DEMAND FOR JURY TRIAL**

PLAINTIFF, individually and on behalf of all others similarly situated, hereby demands a trial by jury on all issues so triable.

DATED: May 17, 2019

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: /s/ Launa Adolph
MATTHEW J. MATERN
LAUNA ADOLPH
Attorneys for Plaintiff DELMAR SCHMIDTBERGER, individually and on behalf of all others similarly situated